Appeals from an order of the Supreme Court at Special Term, entered February 18, 1950, in New York County, as resettled by an order of the said court, entered March 4, 1950, in New York County. Appellant Partridge appeals from so much of said order as denied her petition for an order under section 1382 of the Civil Practice Act declaring her to be a competent person. Appellant bank appeals from so much of said order as directs it to make certain payments out of the property of the incompetent.

Per Curiam.

Although a thorough study of the facts is necessary to a decision in this matter, it would not prove valuable to state or even summarize the evidence in this opinion. We are confronted with a nice question of judgment as to whether the welfare of appellant will be better served by continuing her care as an incompetent person or by declaring her competent and permitting her to resume charge of her property. The record has been carefully and fully developed by counsel on both sides with the aid of relatives of appellant and eminent doctors. We have the benefit of well-considered opinions from the Referee and Justice at Special Term.
It can be stated, with only the qualification of a question by one doctor, that appellant is competent at the present time and had been so for a year at the time of the hearings in this matter. Because of appellant’s history, however, two of the doctors felt that the chance of recurrence was such that it would be safer if appellant were protected by the continuation of her committee. Whether this chance is a mere possibility, which is all some of the doctors thought it was, or a probability as two doctors thought it was, is obviously debatable. Our conclusion, however, is not determined by any attempt to resolve the difference in medical opinion on that point. Other factors prompt us to take more of a chance in that respect than might be assumed under different circumstances.
*866 We have here a person who by reason of paralysis below the waist is narrowly confined in moving about and is under constant competent physical care. She has relatives who are interested in her. She is thus assured of attention to her needs and welfare and any recurrence of a mental condition would be promptly detected and appropriately treated. Also, by reason of her physical condition, appellant is not likely, in the event of any recurrence, to inflict harm either upon herself or others. Likewise her property is in the main outside of her control. She has $70,000 of her own capital, which she might squander, but she is the beneficiary of trusts which she can in no way touch and which afford her an income of $39,000 a year. Her economic security is thus assured and beyond her power to prejudice. It quite clearly appears that appellant is intelligent, with a rather unusual understanding of her investments and property, and for the time being at least is entirely rational and has an adequate comprehension of her circumstances. Naturally, and with understandable reason, appellant would like control of her own cheek book and release from the charge of a committee who must be called upon to do for her things which she can do for herself.
We incline to the view that appellant should be given the encouragement and opportunity that recognition of competency and enlarged responsibility for herself would give. We think that appellant’s mental health might be well served by giving her the measure of self-dependence which she appears capable of assuming. If our hopes for her are not realized, we feel that the requirements of the occasion can be met without any serious prejudice to appellant’s interest because of our present action. Under all the circumstances, we think the calculated risk is worth taking.
On the appeal taken by the committee from the allowance of fees made in this proceeding, we think that some modification is required, although we wish at the same time to recognize the high quality of the services rendered by the Referee, the special guardian and the doctor whose fee is in question.
The order appealed from should be modified by granting the petition of appellant and by fixing the fee of the Referee at $4,500, the fee of the special guardian at $4,000 and the fee of Dr. S. Philip Goodhart at $1,250.